UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC,<br><br>Plaintiff,<br><br>v.<br><br>MENERVA HERNANDEZ,<br><br>Defendant. | Case No. 12-cv-05773-JST<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: ECF No. 28 |

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") has moved for an order altering or amending the Court's judgment of June 27, 2013. ECF No. 28. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court has determined that the motion is suitable for disposition without oral argument, and hereby VACATES the hearing scheduled for August 29, 2013.

**I.    BACKGROUND**

**A.    Factual and Procedural History**

Plaintiff alleges that Defendant Menerva Hernandez, individually and doing business as El Milagro Restaurant ("Defendant") intercepted and rebroadcast the Manny Pacquiao v. Juan Manuel Marquez III WBO Welterweight Championship Fight Program to which Plaintiff owns the exclusive commercial distribution rights. Complaint, at ¶¶ 9-12, ECF No. 1. Defendant failed to answer Plaintiff's complaint. After a hearing, the Court granted Plaintiff's motion for default judgment, awarding Plaintiff $2,200 in damages for the tort of conversion, and $2,200 in enhanced/statutory damages under Chapter 5 of Title 47 of the United States Code. Order Granting Default Judgment, ECF No. 23; Judgment, ECF No. 24.

/ / /

**B.     Jurisdiction**

This Court has original federal-question jurisdiction over Plaintiff's federal statutory causes of action pursuant to 28 U.S.C. § 1331, and has exercised supplemental jurisdiction over Plaintiff's state-law conversion claim since it forms "part of the same case or controversy." 28 U.S.C. § 1367(a).

**C.     Legal Standard**

Pursuant to Rule 59(e) of the Federal Rule of Civil Procedure, a motion to alter or amend judgment may be brought within 28 days of judgment. Fed. R. Civ. Pro. 59(e). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

**II.     ANALYSIS**

Plaintiff does not present newly discovered evidence or argue that there has been any intervening change in the controlling law. However, Plaintiff argues that the Court committed clear error for two reasons.

First, Plaintiff argues the Court erred in awarding damages under 47 U.S.C. § 553 rather than 47 U.S.C. § 605. Plaintiff "acknowledges that there is a split of authority in the Northern District on this issue." ECF No. 28, at 4:7-8. For reasons explained by the Court in its previous order, the Court finds it appropriate to assess penalties in this situation under Section 553 rather than Section 605. Order Granting Default Judgment, at 5:13-4:7. This was not clear error.

Second, Plaintiff objects to the amount of damages the Court awarded, on the grounds that the amount will not adequately deter future violations, and because other courts have awarded higher penalties in comparable situations. Under Section 553, a district court has the discretion to determine whether to assess enhanced/statutory damages as opposed to actual damages, and then has the discretion to award an amount at its discretion subject to certain minimum and maximum amounts. See 47 U.S.C. § 553(c)(3). The Court did not commit clear error in entering an award within the statutory range.

2

### III. CONCLUSION

Plaintiff's motion to amend or alter the judgment is DENIED.

**IT IS SO ORDERED**.

Dated: August 20, 2013

                                                                                     _____
                                                                                                  JON S. TIGAR
                                                                                       United States District Judge